F. B. RAUCH, Appellant, v. JOHN M. HIMMELBER-GER, President, and B. F. BURNS, Secretary, of Board of Supervisors of LITTLE RIVER DRAIN-AGE DISTRICT.

In Banc, July 31, 1924.

1. **DRAINAGE DISTRICT**: Additional Improvements and Levies. The purpose of the organization of a drainage district being to drain and reclaim all lands of the district, and the first issue and sale of bonds not being sufficient to provide adequate ditches and other drainage works, the board of supervisors has power to adopt an enlarged plan of reclamation, issue and sell other bonds and levy additional taxes, to pay for additional or enlarged ditches and other adequate drainage works called for by the engineer's said new plan, without a new apportionment or assessment of benefits or order of court, where the bonds originally issued amounted to much less than the aggregate benefits then adjudged and assessed, and the additional levy is well within the aggregate benefits then assessed against the lands in the district. The fact that some of the lands have received in full the benefit intended for them by constructions in accordance with the original plan of reclamation, does not entitle their owners to claim exemption from further taxes, within the limits of the benefits originally assessed, to pay for the enlargement of the ditches then constructed, the construction of holding basins to prevent overflow, or the construction of new ditches, where such additional construction is necessary to provide adequate drainage works for all the lands of the district. The benefits originally adjudged to and assessed against their lands are not exhausted until the original purpose of reclaiming all the lands of the district is fully completed, although their particular lands are sufficiently reclaimed by the drainage works already constructed.

2. ————: Inadequate and Additional Improvements: New Drainage Plan: Additional Levies Without Notice or Hearing: Due Process: Legislative Determination: Local Taxes. The statute (Laws 1923,

Rauch v. Himmelberger.

p. 169) declaring that if it shall appear that, after the original plan of reclamation has been filed and work has progressed thereunder, other ditches and improvements are necessary to provide adequate drainage, the board of supervisors, upon the recommendation of the chief engineer, shall have authority to enlarge existing ditches and to construct other ditches, levees and improvements, so as to afford to lands of the district not adequately reclaimed "substantially equal outlets for drainage and protection from overflow that are afforded other lands in said district, equally taxed, as a whole," and that "the cost of said additional ditches and improvements shall be paid for out of the benefits assessed against all the lands in said district as finally confirmed by the circuit court organizing said district, in the same proportion and in the same manner as is provided for in the constructing of ditches, levees and other improvements called for in the original plan for reclamation," was a legislative determination of the amount of taxes that should be apportioned to and assessed against each tract of land in the district previously assessed with benefits, to pay for such additional construction; and due process of law does not require that a new notice of the assessment or an opportunity to be heard be given to the owners of such lands, before the additional improvements are determined upon by the board or before the additional taxes are levied. Said Act of 1923 is not void, nor is the additional levy, being within the limits of and based upon the benefits originally assessed, invalid on the theory that the new plan of reclamation and the levying of taxes upon the basis of the old assessment amount to a determination by the board that the same property will be benefited by the additional improvements and in the same proportion as in the original assessment. Nor is the assessment to pay for the additional improvements the assessing of local taxes against property which cannot be benefited, to pay for the improvement of other property which will be benefited thereby.

3. **ACT OF 1923: Title: General: Descending to Particulars.** The title of the Act of 1923, Laws 1923, page 169, does not violate the constitutional requirement. The general purpose of the act as expressed in the title is "to afford to each tract of land taxed in the district equal outlets for drainage and protection from overflow," and it does not so "descend to particulars" by "vesting boards of supervisors with power to amend the plan of reclamation when recommended by the chief engineer" as to make the whole title affirmatively misleading. These things, and the making of an additional levy to pay for additional necessary improvements, are germane to the general purpose.

Headnotes 1 and 2: Drains, 19 Cyc. 267, 268. Headnote 3: **Statutes,** 36 Cyc. 1037.

Appeal from Butler Circuit Court.—*Hon. Almon Ing, Judge.*

AFFIRMED.

*Chas. Chaflin Allen, Jr.,* for appellant.

(1) The tax sought to be levied by the respondents is a local assessment and cannot be levied upon lands which will not be directly and specifically benefited by the proposed additional work. Lockwood v. St. Louis, 24 Mo. 20; Norwood v. Baker, 172 U. S. 269; Newby v. Platte County, 25 Mo. 258; Louisana & Frankfort Plank Road Co. v. Pickett, 25 Mo. 535; 1 Page & Jones Taxation by Assessment, secs. 652, 654. (2) The action of the board in adopting the new plan and levying taxes upon the basis of the old assessment amounts to a determination by it that the same property will be benefited and in the same proportion as in the original assessment. (3) When the Legislature entrusts to a local body the duty of determining what land will be benefited by the local improvement and in what proportion, due process of law requires that notice and opportunity for a hearing be given. The Act of 1923 is therefore void. Fallbrook Irrigation District v. Bradley, 164 U. S. 112; Londoner v. City and County of Denver, 210 U. S. 373. (4) The Legislature may not authorize a local assessment without regard to benefits, and upon the lands of some solely for the benefit of others; such an assessment will be set aside at the instance of one so taxed in fact as a mere taking of appellant's property under the guise of a tax, in violation of Section 1 of Amendment Fourteen of the Constitution of the United States and in violation of Section 30 of Article II of the Constitution of Missouri. Myles Salt Company v. Iberia & St. Marys Parish Drainage District, 239 U. S. 478. (5) The purpose of the Legislature to empower the levy of additional taxes is not expressed in the title of the Act of April 3, 1923, and, therefore, that

part of the act which attempts to do so is in violation of Section 28 of Article IV of the Constitution of Missouri. State v. Sloan, 258 Mo. 305.

*Oliver & Oliver* for respondents.

(1) The Legislature may fix the limits of special assessment districts and determine the benefits resulting therefrom, or it may delegate those powers to any agency it may create. The act in question constitutes a legislative determination of benefits. It accepts and approves the territorial limits of drainage districts formed under the Circuit Court Act, together with the amount of benefits judicially found to be sustained by the property within the district. The act precludes a tax in excess of the benefits assessed and meets all constitutional requirements as to due process. Laws 1923, p. 169; Houck v. Little River Drainage Dist., 248 Mo. 373; Houck v. L. R. Dr. Dist., 239 U. S. 254; Breiholz v. Pocahontas County, 257 U. S. 118; West v. Burke, 286 Mo. 358; Prior v. Construction Co., 170 Mo. 439; Barber Asphalt Co. v. French, 158 Mo. 534; Barber Asphalt Co. v. French, 181 U. S. 324; Heman v. Allen, 156 Mo. 534; Meier v. St. Louis, 180 Mo. 391; Egyptian Levee Co. v. Hardin, 27 Mo. 495; McGhee v. Walsh, 249 Mo. 266; Heman Const. Co. v. Lyon, 277 Mo. 628; Collins v. Jaicks Co., 279 Mo. 404; Spencer v. Merchant, 125 U. S. 345; Palmer v. McMahon, 133 U. S. 660; Webster v. Fargo, 181 U. S. 394; Davidson v. New Orleans, 96 U. S. 97; Wagner v. Leser, 239 U. S. 207; Branson v. Busch, 251 U. S. 182; Embree v. Road Dist., 240 U. S. 242. (2) An allegation of no benefits received ''will not permit a finding for'' plaintiff. In the absence of any allegation of fraud, arbitrary action or oppression the legislative finding of benefits is conclusive. McGhee v. Walsh, 249 Mo. 266; Heman Const. Co. v. Lyon, 277 Mo. 628; Prendergast Const. Co. v. Goldschmidt, 273 Mo. 191; Prior v. Construction Co., 170 Mo. 439; Heman v. Schulte, 166 Mo. 416; Houck v. L. R. Dr. Dist., 248 Mo. 373; Houck v. L. R. Dr. Dist., 239 U. S. 254. (3) There is no change

in the original plan for drainage adopted by the district. The work now proposed to be done is nothing more than an amplification and strengthening of what has already been done, and thereby afford all lands equally taxed substantially the same outlets for drainage and protection from overflow. The proposed work is necessary to drain and reclaim all the lands in the district. (4) The act in question is but declaratory of the power previously conferred on boards of supervisors, namely, to construct and maintain such reclamation works as may be necessary to reclaim the district—not to partially reclaim it. The Board of Supervisors has authority to do the work in question without relying on the Act of 1923. Appellant cannot complain so long as the cost of reclaiming the district does not exceed the benefits assessed against the property, irrespective of whether they were assessed on the theory that the lands in the district would be adequately reclaimed or whether the benefit assessed would be derived from the construction of the works provided for in the original plan and nothing more. It is conceded that all the district is not afforded adequate drainage and that it will be necessary to use additional benefits for that purpose. If the assessment were made on the other theory, namely, that appellant's lands would receive the benefit assessed by reason of the construction of the original works and nothing more, he still cannot complain because those works have been completed, and at a cost far less than the amount of the benefits assessed. Laws 1905, p. 195, sec. 8259b; Laws 1907, p. 345, sec. 8259b; Laws 1909, p. 621, sec. 8259b; R. S. 1909, sec. 5513; Laws 1913, p. 249, sec. 28; R. S. 1919, sec. 4402. (5) The title to the act is good. It contains but one subject, namely, drainage, and that is clearly expressed. Barnes v. Pikey, 269 Mo. 398; State v. Doerring, 194 Mo. 398; State v. Brodnax, 228 Mo. 25; State ex rel. v. Roach, 258 Mo. 541; Bruge v. Railroad, 224 Mo. 76; State v. Miner, 233 Mo. 312; Forgrave v. Buchanan Co., 282 Mo. 599.

JAMES T. BLAIR, J.—This is a suit to restrain the president and secretary of the Little River Drainage District (hereinafter referred to as the district) from certifying to the Recorder of Deeds of New Madrid County certain drainage taxes levied upon appellant's land. Respondents' demurrer to the petition was sustained. Appellant refused to plead further, judgment went accordingly, and this appeal followed.

The petition is long but, in view of the questions raised here, the facts ruled upon by the trial court in passing on the demurrer can be stated in somewhat briefer form. The district was incorporated in 1907 under the Act of April 8, 1905, Laws 1905, pp. 190 to 208, inclusive. A board of supervisors was duly elected, and qualified and organized. Respondents have held their respective offices from the beginning. Appellant owned 161 acres of land in the proposed district and still owns it. A board of engineers was appointed, made its survey and submitted it with maps and plan of reclamation to the board of supervisors. The board of supervisors adopted the report as a "plan for drainage," filed it with the Circuit Clerk of Butler County as required, and filed, concurrently, a petition for the appointment of commissioners to assess benefits and damages. The petition incorporated by reference a map which shows the plan adopted. Three qualified commissioners were appointed, who qualified, assessed the benefits and damages and filed their report. The clerk gave the statutory notice. This report came on for hearing, and, after some modifications and amendments, was approved and confirmed by the court, and copies of such approval were filed as required. Appellant's land was assessed $4 per acre, or $644. The total benefits assessed were $13,099,413, which was an average of about $22 per acre over the district. The supervisors issued bonds in the sum of $6,350,000, and proceeded with the work to carry out the plan of drainage. The taxes heretofore levied by the supervisors from time to time have aggregated 55.75 per cent of the benefits

assessed, and were apportioned to the tracts within the district in accordance with the assessed benefits. Appellant has paid all such taxes levied against his land. The petition further alleges:

"The completion of said plan for drainage and reclaiming the lands in said district has resulted in fully and completely draining and reclaiming complainant's lands from the overflow of or damage by water or floods, and it is now impossible for them to be further benefited by the adopted equalized and improved plan for drainage hereinafter mentioned.

"That there are many areas of land within the corporate limits of said district and forming a part thereof that are not now, and have not and will not receive adequate outlets for drainage and protection from overflow by reason of the execution of the original plan for drainage, but said areas of land are equally taxed with other lands in said district that are now and have and will continue to receive adequate outlets for drainage and protection from an excess of water, by reason of the execution of the said original plan for drainage. That it was the opinion of the board of supervisors of the district that in adopting the first and original plan for drainage all of the lands within the corporate limits of the district and forming a part hereof, would, by reason of the execution of said plan, receive adequate outlets for drainage and protection from an excess of water, and that such was also the opinion of the board of commissioners in assessing benefits and awarding damages to the lands of the district, and the assessment of benefits as returned by said commissioners was based upon that assumption; that it was also the assumption and opinion of said commissioners and the court confirming their said report that all lands assessed with equal benefits would be afforded substantially equal outlets for drainage and protection from overflow."

It is also alleged that the attempt to levy the taxes, the certifying of which is sought to be enjoined, is made

under the Act of April 3, 1923 (Laws 1923, pp. 169, 170), ''under and by virtue of which the chief engineer of the district, in order to drain and reclaim the lands in the district that have not been completely drained and reclaimed from the damaging effects of water by reason of the execution of the original plan for drainage, recommended to the board of supervisors of the district that the original plan of drainage and reclamation be equalized and improved so as to afford such lands substantially equal outlets for drainage and protection from overflow that are afforded the other lands in the district equally taxed as a whole.'' The ''equalized and improved plan'' so recommended is pleaded in full. This report is of considerable length and sets out all the work with engineering detail. After examining it, as it appears in the petition and the briefs, it appears that the chief engineer's summary is correct and full enough for present purposes. That summary reads:

''From the foregoing it will be observed that the work recommended does not constitute any material changes in the original plan for reclaiming the lands in this district. That plan provides, first, for the diversion of the waters of the hill streams located to the north of the district, through the Headwater Diversion System to the Mississippi River; second, for the carrying of the rain and surface waters that accumulate in the district down the valley through excavated ditches.

''The recommendations hereinabove set out simply amplify and strengthen that plan where experience has demonstrated it was insufficient.

''In some instances adequate outlets for drainage and protection from overflow can be obtained by enlarging the present ditches; in other instances it has been found to be more economical to dig a new ditch paralleling an existing ditch than it would be to increase the size of the existing ditch. The more economical method has been adopted in all instances.

"In other cases it has been found to be more economical to construct a detention basin in the hills and let the water flow into the ditches, only in such quantity as the ditches could handle, without serious overflow, than to enlarge the ditches for many miles with ever-increasing capacity and carry the water through the valley to the Arkansas state line, which would be necessary but for the construction of the detention basins. Both methods serve the same purpose, namely, the prevention of overflow along the outlet canals. We recommend the more economical method, which is the temporary retention of the waters in the hills.

"The cost of the work outlined herein is so great that funds derived from any practical maintenance tax that could be levied would be wholly inadequate. It will, therefore,.be necessary to make an additional levy on the assessed benefits.

"None of the work herein recommended will directly benefit the lands in Stoddard and Bollinger counties addition.

"It will be necessary for the railroads and highways to conform their grades and bridges to the improvements and enlargements herein recommended.

"All ditches, wherever mentioned in this report, or any exhibit forming a part thereof that are numbered less than 200, refer to ditches provided for in the original plan for drainage adopted by the district. A more particular description of their location, base, width and right of way is set out in the original plan for drainage filed in the office of the Clerk of the Circuit Court of Butler County, Missouri, to which reference is made.

"All the ditches now constructed by this district will better function and the hazard of overflow will be materially reduced in the district by reason of the construction of the works herein recommended.

"Much of the work herein recommended is made necessary because of the re-dredging and enlargement of ditches constructed by the county districts that are tribu-

tary to the ditches of this district, and which have been enlarged since the completion of the original plan for drainage of this district.

"The improvements hereinbefore recommended are necessary for carrying out the objects and purposes of reclaiming the lands in the original district. We therefore recommend that they be adopted and put into effect."

This is accompanied by maps which confirm it in all material particulars.

The supervisors adopted the recommendation of the engineer and caused it to be filed and recorded as required. The proceedings of the board in this connection are pleaded in full. The supervisors regularly adopted a resolution which recited the incorporation of the district, the assessment of benefits in the sum of $13,099,413, and the issuance and sale of bonds in the sum of $6,350,000, and proceeded:

"Whereas, it now appears to this board that some of the ditches and other improvements called for in said plan are inadequate and are not affording or giving to the lands in this district adjacent to such ditches and other improvements substantially the same outlets for drainage and protection from overflow that are afforded other lands in the Little River Drainage District equally taxed; and,

"Whereas, this board now deems it necessary to enlarge some of the ditches and other improvements set out in the plan for drainage aforesaid and to construct additional ditches, levees, canals and other improvements in order to afford such lands substantially equal outlets for drainage and protection from overflow that are afforded to other lands in the district equally taxed as a whole; and,

"Whereas, it now appears that the chief engineer of the Little River Drainage District has filed with the board a description of the enlarged and additional ditches and improvements necessary to accomplish the above purposes, and has recommended that the said additional work

be done, which said report contains detailed plans there-of; and,

"Whereas, it now appears to this board that the cost of said improvements will not exceed the unused benefits heretofore assessed against the lands in the district and confirmed by the Circuit Court of Butler County, Missouri, on October 21, 1912:

"Now, therefore, be it resolved and ordered by the Board of Supervisors of the Little River Drainage District, as follows:

"Section 1. That the improved and equalized plan of said enlarged and additional ditches and other improvements submitted by the chief of engineers of the Little River Drainage District in his report filed with the secretary of this board of supervisors on the 21st day of January, 1924, with the recommendation that the work described therein be done, be and the same is hereby approved and adopted and made a part of the original plan for drainage of the Little River Drainage District; and

"This board of supervisors now finds that it is necessary to construct the said enlarged and additional ditches and improvements in order to accomplish the purposes of the district at the time of the adoption of the original plan for drainage, and that it has power, authority and right under the terms of an act of the Fifty-second General Assembly of the State of Missouri, approved April 3, 1923, and found in the Laws of Missouri for 1923 on pages 169 and 170, inclusive, entitled:

" 'An act to amend article one (1), chapter twenty-eight (28), Revised Statutes of Missouri, 1919, relating to drainage, by adding a new section to said article, vesting boards of supervisors with power to amend the plan for reclamation when recommended by chief engineer, so as to afford to each tract of land taxed in the district equal outlets for drainage and protection from overflow, to be known as section 4402a,' to enlarge or cause to be enlarged any ditches or other improvements set out in the plan for reclamation and to construct or cause to be

constructed such additional ditches, levees, canals and other improvements that may be necessary to afford such lands substantially equal outlets for drainage and protection from overflow that are afforded the other lands in said district, equally taxed, as a whole.

"It is further ordered that the work and improvements as described by the chief engineer and hereby approved and adopted be carried out and done as speedily as possible.

"Section 2. It is further ordered that the said report containing a description of the said enlarged and additional ditches and improvements be filed with the secretary of this board of supervisors and entered upon the records of this board and a certified copy thereof be filed with the Clerk of the Circuit Court of Butler County, Missouri, and thereafter shall be a part of the original plan for drainage of the Little River Drainage District."

Six days later the supervisors regularly estimated and found the costs of the proposed work, and resolved that it was necessary to levy $5,763,741.72 additional taxes, and expedient and necessary to anticipate the collection of such taxes by a bond issue of $5,000,000.

Appellant then alleges that to require him to pay "any tax or taxes upon his lands for the purpose of paying the cost of executing the said equalized and improved plan and making said other improvements would deprive him of his property without due process of law in violation of" designated constitutional provisions. He also alleges the Act of April 3, 1923, is void, and prays that it be held invalid and that respondents be enjoined from certifying the tax in question.

The demurrer is general.

Appellant contends that (1) the levy made "is a local assessment and cannot be levied upon lands which will not be directly and specifically benefited by the proposed additional work;" (2) the adoption of "the new plan and levying taxes upon the basis of the old assessments amounts to a determination by it that the same

305 Mo.—6.

property will be benefited and in the same proportion as in the original assessment;'' (3) the Act of 1923 is void because it provides for no notice and hearing; (4) a local assessment ''upon the land of some solely for the benefit of others'' is violative of the State and Federal constitutions; (5) the title of the Act of 1923 is bad under Section 28 of Article IV of the State Constitution.

I.   Appellant's position seems to be that his land has received the full benefit of complete and satisfactory drainage and needs nothing further; that his land will not be further drained or benefited by the contemplated work; that local assessments depend for their validity upon the idea of benefits resulting from the improvement; and, therefore, since the proposed work will not further benefit his land, the levy in question is void as to him and those in like situation.  The proposed work constitutes no change in the purpose of the district.  That purpose was to drain and reclaim all the land in the district.  There is no material change in the plan of reclamation in the sense that any new system of drainage is introduced.  The fact that the work already done does not fully accomplish the full purpose of the organization of the district is, generally speaking, because of a present inadequacy of constructed ditches to accommodate the water which is delivered to them.  In part this is due to erosions and clogging and filling of ditches as time has progressed, and in part to the fact that some of the ditches were not made deep and wide enough in the first place.  Other large expense is entailed because of the necessity of repairing embankments and of providing protective work to prevent the further destruction of levees which were adequate when constructed but have suffered from erosions and undermining.  The increasing of the water carrying capacity of the ditches is concededly essential to the full drainage of much of the land in the district.  The benefit which appellant admits he has received in full is the benefit intended for all the land in the district.  The lands,

the reclamation of which will be fully completed by the proposed work, when that work is done, will have received the benefit which appellant's land has already received. They are already taxed for a sum sufficient to pay their proportion of the expense of the admittedly complete reclamation of appellant's land and the partial reclamation of their own. They have not received, in full, the benefit which it was the purpose to give them, though the whole amount of benefits of complete reclamation have been assessed against them, and they are now and have been paying for the full reclamation of appellant's tracts on the basis of benefits assessed and taxes levied on the theory that full reclamation would be afforded their lands as well as appellant's. Appellant concedes the legality of the assessment of benefits, in all respects. His land has had the benefit of complete reclamation. It has already "been directly and specifically benefited." There is no rule which requires every part of every plan of drainage to benefit, in itself, every tract in the district. The plan is designed as a whole to drain the district. The same reason which would have sustained this proposed work if it had been done during the original work in the district, and as a part of that first work, sustains its validity now, so far as the present question is concerned. The new tax levy will not exceed the benefits assessed.

II. The Act of April 3, 1923, Laws 1923, pp. 169, 170, reads as follows:

"Whenever it shall appear to the board of supervisors, after the plan of reclamation has been filed with the clerk of the court organizing said district and work has progressed thereunder, that some of the ditches or other improvements called for in said plan are inadequate and are not affording or giving to the lands adjacent to such ditch or ditches or other improvements, substantially the same outlets for drainage or protection from overflow that are afforded other lands in the district equally taxed, the board of supervisors of said district shall have

the power, authority and right, upon the recommendation of its chief engineer, to enlarge or cause to be enlarged any ditches or other improvements set out in the plan for reclamation and to construct or cause to be constructed such additional ditches, levees, canals and other improvements that may be necessary to afford such lands substantially equal outlets for drainage and protection from overflow that are afforded the other lands in said district, equally taxed, as a whole. A description of said additional ditches and improvements found to be necessary by the board of supervisors and its chief engineer shall be filed with the secretary of the board of supervisors and entered upon the record of said board, and a certified copy thereof shall be filed with the clerk of the circuit court organizing said district, and thereafter shall be a part of the plan for reclamation. The cost of said additional ditches and improvements shall be paid for out of the benefits assessed against all the lands in said district as finally confirmed by the circuit court organizing said district, in the same proportion and in the same manner as is provided for in the constructing of ditches, levees and other improvements called for in the original plan for reclamation. Provided, however, that the cost of constructing the additional ditches and other improvements herein provided for, shall not be levied against lands that have been annexed or added to the district after it was organized, unless the additional ditches and other improvements to be constructed shall directly benefit the annexed lands.

"Sec. 2. All acts or parts of acts inconsistent with this act are hereby repealed."

Points (2) and (3) are answered in Brieholz v. Board of Supervisors, 257 U. S. l. c. 121 et seq., as follows:

"It is admitted that all of the requisite action was taken to establish the system of drainage involved and for making the assessment upon the benefited lands, including those of the plaintiffs in error, to pay for the original work done, and that sufficient notice thereof to

satisfy all constitutional requirements was given to all concerned.

"The action in this case was taken under Section 1989-a21 of the Iowa Code (Supplement, 1913) which provides that after any drainage district shall have been established and the improvement constructed (as in this case):

" ' . . . the same shall at all times be under the control and supervision of the board of supervisors and it shall be the duty of the board to keep the same in repair and for that purpose they may cause the same to be enlarged, re-opened, deepened, widened, straightened or lengthened for a better outlet. . . . The cost of such repairs or change shall be paid by the board from the drainage fund of said . . . drainage district, or by assessing and levying the cost of such change or repair upon the lands in the same proportion that the original expenses and cost of construction were levied and assessed, except where additional right of way is required or additional lands affected thereby, in either of which cases the board shall proceed,' giving notice and hearing as is otherwise provided.

"It will be noted that the section thus quoted does not require that notice shall be given to landowners of such intended enlarging, re-opening, etc., of the drainage system as is provided for therein, and that no provision is made for a hearing with respect thereto, at which objections may be made either to the doing of the work or to the assessment to pay for it, and the contention of the plaintiffs in error is that the failure to provide for such notice and hearing renders the section unconstitutional for the reason that if enforced it would deprive them of their property without due process of law.

"To this contention of invalidity it is replied that the section assailed is a legislative determination of the amount which should be assessed upon the lands of plaintiffs in error to pay for the preservation and repair of the drainage system, and that, therefore, due process of

law did not require a new notice and opportunity to be heard before the work was determined upon or the assessment made—this under authority of decisions of this court, extending from Spencer v. Merchant, 125 U. S. 345, to Branson v. Bush, 251 U. S. 182, 189.

"The Supreme Court of Iowa held the statute and assessment both valid, and a writ of error brings the case here for review.

"The contention that a new notice and hearing was not required in this case by the due-process provision of the Fourteenth Amendment is a sound one. We are dealing with the taxing power of the State of Iowa, exerted through the familiar agency of a regularly organized drainage district, which it is admitted, properly included, and by the system of drainage adopted benefited, the lands of the plaintiffs in error. It is admitted also that their lands were lawfully assessed to pay for the original drainage construction in the same proportion to benefits as that which was applied in this case to the cost of the improvements and repairs. Thus Myles Salt Co. v. Iberia Drainage Dist., 239 U. S. 478, and Gast Realty & Investment Co. v. Schneider Granite Co., 240 U. S. 55, which are much relied upon, are plainly inapplicable.

"The provision of the section assailed, that the cost of repairs shall be assessed upon the lands of the district in the same proportion that the original cost was assessed, since it only requires a simple calculation to determine the amount of each assessment when the cost of the improvement is once determined, is a legislative declaration that the lands will be benefited, and that in such case notice and hearing before such a legislative determination is not necessary, is settled by many decisions of this court, among others, Hagar v. Reclamation District No. 108, 111 U. S. 701, 708; Spencer v. Merchant, 125 U. S. 345; Embree v. Kansas City Road District, 240 U. S. 242, 250; Wagner v. Baltimore, 239 U. S. 207, 217, 218; Houck v. Little River Drainage District, 239 U. S. 254, 265, and Branson v. Bush, 251 U. S. 182, 189.

"The only possible source of objection remaining is the committing to the board of supervisors the power to determine, without notice and hearing, when repairs are necessary and the extent of them. But these are details of state administration with which the Federal authority will not interfere, except, possibly, to prevent confiscation or spoliation, of which there is no suggestion in this case. [Davidson v. New Orleans, 96 U. S. 97, 106, and cases cited supra.]"

III.    Point (4) is within what has already been said. The question in this case is not one of assess-

Local Assessment. ing local taxes against property which cannot be benefited, to pay for improving property which the improvement will benefit. Appellant has received full benefit.

IV.    The title of Act of April 3, 1923, reads:

"An Act to amend article one (1), Chapter twenty-eight (28), Revised Statutes of Missouri 1919, relating

Title. to drainage, by adding a new section to said article, vesting boards of supervisors with power to amend the plan for reclamation when recommended by chief engineer, so as to afford to each tract of land taxed in the district equal outlets for drainage and protection from overflow, to be known as section 4402a."

The argument is that the title "descends to particulars" (State v. Sloan, 258 Mo. 305) with the result that it does not constitutionally include a power to levy a tax like that in this case. The doctrine invoked is well enough in its place. It has been applied several times by this court. It is discussed in State ex rel. v. Hackmann, 292 Mo. l. c. 32. In that case, with respect to this principle, it was said:

"An examination of these decisions and authorities, generally, discloses that the rule is but an application of the maxim, *expressio unius exclusio alterius est;* and if the descent to particulars is sufficiently definite that the

express enumeration is affirmatively misleading as to the intent to include others, the other matter so included is not within the title, even though the designation of particulars is preceded by a general title. [1 Lewis's Sutherland on Stat. Const. (2 Ed.) sec. 131.]''

In the title here in question the general purpose is ''to afford to each tract of land taxed in the district equal outlets for drainage and protection from overflow.'' The making of a levy to pay for the accomplishment of this purpose obviously is germane to the purpose. The particular stated respects the vesting power to amend, on condition, the plan of reclamation and is not ''affirmatively misleading'' as to the intent to include in the act a provision which is essential to the accomplishment of the stated general purpose and included within it by necessary implication if the act is to be in any degree effective to the end manifestly sought. In these circumstances it cannot be held that it appears beyond a reasonable doubt that the part of the act in question on this assignment is bad because of the objection made to the title. This is what it would be necessary to hold in order to sustain appellant's present contention. [Forgrave v. Buchanan Co., 282 Mo. l. c. 604, 605; Ex parte Loving, 178 Mo. l. c. 203, et seq.]

This disposes of the questions raised. The judgment is affirmed. All concur, except *White, J.,* absent.