W. H. BEEBE et al., Appellants, v. JOHN A. MAGOUN, Treasurer, AND COUNTY OF WOODBURY.

Constitutional Law: DRAINAGE DITCH: ASSESSMENT OF LANDS: NOTICE OF. The provisions of the Code relative to the construction of drainage ditches, in so far as they provide for an estimate of the benefits to lands not abutting on the ditch and the levy of taxes thereon for such improvement without notice to the owners of such lands, are violative of the constitution, as taking private property without due process of law.

*Appeal from Woodbury District Court.*—HON. WM. HUTCHINSON, Judge.

TUESDAY, JANUARY 12, 1904.

ACTION to enjoin the collection of taxes levied in payment for the excavation of a ditch. On hearing, the petition was dismissed, and the plaintiffs appeal.— *Reversed.*

*J. S. Lothrop* for appellants.

*Shaw, Sims & Kuehnle* and *P. A. Sawyer* for appellees.

LADD, J.—By proceedings somewhat irregular, but in substantial conformity with sections 1939 to 1951, inclusive, of the Code, a ditch was located, "commencing at or near a clump of trees growing near the center of S. E. ¼ of section 15, Tp. 86, R. 45 west, in Woodbury county, and running thence in a southeast direction to the south line of Woodbury county, at or near the center of the south line of section 35 in said township and range." From there on it extended into Monona county. Appropriate orders were made by the board of supervisors, the contracts for the excavation let, and, as we understand, much of the work had been done before this suit was begun. "All the land benefited by the location and construction of the improvement" was divided into the classes "dry," "low,"

"wet," and "swamp"; and the appraisers reported that they had made "an equitable apportionment of the cost, expenses, cost of construction, fees, and damages assessed for the construction of any such improvement  *  *  * among the owners of the land along or in the vicinity of such improvement, and to be benefited thereby, in proportion to the benefit to each of them." Such proportional amount was duly levied by the board of supervisors against the respective tracts of land thought to have been benefited. Section 1946, Code. The ditch did not run through the land of the plaintiffs, nor did their lands abut thereon. Their lands were at considerable distance from the ditch, though probably not wholly without benefit from its construction. These owners never received notice of any of the proceedings, and were not apprised of the levy of the apportionate share of the necessary outlay until long after the time fixed for taking an appeal from the assessment to the district court, provided for by section 1947, had expired. Nor do the statutes require any notice, save "on the owner of each tract of land through or abutting upon which" the proposed improvement is to be made. The primary purpose of this notice is to enable them to make claim for damages which may be occasioned by the construction of the ditch. Whether it will also serve as notice that the cost, etc. will be apportioned, and in part levied against their lands, is not now for determination.

The extent of appellant's contention is that in so far as the statutes authorize the assessment and levy of taxes against lands through which the ditch does not run, and which do not abut upon it, they are in conflict with the provision of the state Constitution prohibiting deprivation of property without due process of law. By "due process of law," in a case like this, is meant "notice and an opportunity of being heard," and the necessity therefor, as prerequisite to the taking of private property by taxation, is uniformally recognized. The subject received thought-

ful consideration in *Gatch v. City of Des Moines*, 63 Iowa, 718, and the conclusion was reached that "the arbitrary appropriation of private property without notice and without an opportunity for hearing cannot be defended upon any natural principle of justice, and ought not to be tolerated and upheld by the courts," and that "in the ordinary methods of assessment and valuation of property for taxation, whether for general or special purposes, the authorities are very nearly uniform to the effect that it is necessary to the validity of the assessment that the property owner should have notice and an opportunity to be heard." In that case statutes authorizing the assessment of the cost of street improvements against abutting lots without notice to the owners, and without affording an opportunity of being heard, were declared to be inimical to the provisions of the Constitution. The question was again considered at length in *Ferry v. Campbell*, 110 Iowa, 290, where statutes imposing an inheritance tax were declared subject to the same infirmity. Exceptions there may be as in the case of a poll tax, a license tax, and the like, where the amount to be exacted is definitely fixed, and a hearing would be of no avail. The amount of the tax is not open to contest in such cases, though the liability for such amount may be and can be raised subsequently by disputing its collection, or in an action to recover it when obtained by duress. *McMillan v. Anderson*, 95 U. S. 37 (24 L. Ed. 335,) cited by appellee was such a case. See, also, *Hodge v. Muscatine Co.*, 121 Iowa, 482. So where the amount is merely the result of a mathematical calculation the same rule obtains. *Amery v. City of Keokuk*, 72 Iowa, 701. But whenever the amount of tax to be exacted depends upon the exercise of the judgment and discretion of those fixing the value of the property or benefits by which such amount is to be measured, an opportunity for correction must be afforded. *Trustees of Griswold College v. City of Davenport*, 65 Iowa, 633. "It

is not enough," as was said by the Court of Appeals in *Stuart v. Palmer*, 74 N. Y. 183 (30 Am. Rep. 289), "that the owners chance to have notice, or that they may, as a matter of favor, have a hearing. The law must require notice to them, and give them the right to a hearing, and the opportunity of being heard."

The presumption ordinarily prevails that a hearing would be advantageous, and whenever there is doubt the burden is upon the party upholding the tax to show the contrary. *Auer v. City of Dubuque*, 65 Iowa, 65. The facts of this case bring it clearly within the rule exacting an opportunity of being heard. In apportioning the outlay for the ditch, the appraisers must exercise judgment and discretion in dividing the lands drained into the four classes, according to benefits, and in determining to which class each tract belongs. If all land in each class is to bear the same relative burden, then the proportion to be borne by that in each of the different classes is to be determined in the same way. So, too, if the law be so construed that the benefits to each tract are to be separately estimated and assessed. The levy made by the board of supervisors then depends not only upon the estimation of benefits to be received by a particular tract, but upon the comparison of the relative benefits to the different tracts or classes of land drained. Indeed, it would be difficult to imagine a case in which the judgment and discretion in fixing values as the basis of the tax levy enter more largely. Such assessments are universally recognized as being peculiarly subject to infirmities, and provision for their review and correction through notice and an opportunity for hearing at some time by some tribunal declared by the authorities generally as essential to their validity. Section 1947 of the Code points out the mode of hearing, but, as said, there is no provision whatever for the service of notice upon others than the owners of the land through

which the ditch runs, or abutting upon it. The contention of appellee that this court has ever declared notice not essential in such a case is without foundation. In *Yoemans v. Riddle*, 84 Iowa, 147, the ditch had been established under statutes prescribing notice, and the court held that reopening or repairing the same might be done, and the costs assessed, without other notice than the previous construction of the ditch and the law afforded. This, as we understand the opinion, was upon the theory that the reopening and repairing were contemplated in the original construction, and the authority exercised was then conferred upon the board. As summarized by the court, "It is very plain that the jurisdiction acquired by the original petition, notice, and other proceedings continues, and that the duty of exercising that jurisdiction is imposed upon the board of supervisors." In this view, the notice was continuing, and the owners of the land within the district created by the location of the ditch and the levy of taxes bound to avail themselves of the statutory remedies without other information, the same as in the case of the general taxation. Manifestly it was not intended to hold that notice may be entirely dispensed with in the levy of special assessments against property. In *Oliver v. Monona County*, 117 Iowa, 43, the proceedings were under the statute providing for the establishment of a drainage district, and the court held that notice and an opportunity to be heard upon the question whether his land was properly included within the district were all the landowner can justly demand. The statute, in so far as it authorizes the estimation of benefits to lands not abutting on a ditch, and through which it is not to be excavated, and the levy of taxes accordingly for such improvement without notice to the owner, is a clear and palpable invasion of the fundamental law forbidding the taking of private property without due process of law. —REVERSED.