WILLIAM PLUMMER, Appellant, v. M. B. PITT, County Treasurer, et al.

**Drainage:** ADDITIONAL ASSESSMENT: PRESUMPTION. Where the original apportionment of taxes for a drainage district was equitable and legal, and the original assessment was insufficient to meet the cost of the improvement, the supervisors may levy an additional tax in the same ratio as the first to meet the deficiency and without notice to the land owners; and it will be presumed in the absence of evidence showing to the contrary that such a levy was warranted, when the collection of the same is sought to be enjoined by a taxpayer.

*Appeal from Harrison District Court.*—HON. THOS. ARTHUR, Judge.

MONDAY, DECEMBER 14, 1914.

THE petition praying that the collection of a special tax be enjoined was dismissed, and plaintiff appeals.—*Affirmed.*

*Cochran & Barrett,* for appellant.

*L. W. Fallon,* for appellee.

LADD, C. J.—The Upper Boyer Drainage District in Harrison county was established and the drains excavated in pursuance of chapter 68 of the Acts of the 30th G. A. Several tracts of land included therein belonged to plaintiff, and with other lands of the district were regularly assessed, and on June 21, 1910, the special tax for the improvement was levied. Prior to the issuance of bonds, plaintiff paid the tax levied against his land in full. Thereafter, on September 11th, the board of supervisors adopted a resolution, reciting that the assessment had proved insufficient, and that there were unpaid

warrants outstanding, and that repairs of the improvement were necessary and ordered an assessment for an additional $14,745.15 spread on the lands of the district at the same ratio as the previous one. This amounted to 10 per cent. of the first levy and was without notice to the plaintiff or other landowners of the district.

The record disclosed that the proceeds of the first levy would have been $147,451.50 but for the reduction in the assessment against railways of $20,043, leaving $127,008.50, of which $104,458.33 was paid in cash and $22,550.17 in bonds issued. This sum was realized on sale of bonds with $1,450 additional in premium and interest. It appears from the evidence that there were some other improvements in the way of benefits, such as intakes from wagon roads, filling the old channel, and straightening the banks which should have been taken into account in the original bids. It will be observed that the recitals of the resolution of the board of supervisors that repairs are necessary, that there were unpaid outstanding warrants, and that the former assessment had produced insufficient funds, are undisputed. The cost of the ditch alone may have been less than the money realized as testified by plaintiff, but there were other expenses incident to the establishment of the district, the construction of the improvement, and the making of the assessment, ordinarily denominated overhead charges, the amount of which does not appear, and, in the absence of any proof to the contrary, the finding of the board of supervisors is presumed to have been warranted, especially in a proceeding like this to enjoin the collection of a tax. The reduction in the railroad assessment is not shown to have been illegal, and the record does not support the claim that the levy of additional assessment was for funds not required to complete the enterprise. Nor was notice to landowners essential to such additional assessment.

Section 1989-a12 of the Code Supplement expressly provides that:

If the first assessment made by the board of supervisors for the original cost or for repairs of any improvement as provided in this act is insufficient, the board may make an additional assessment and levy in the same ratio as the first for either purpose.

This is precisely what the board of supervisors did. The commissioners had made an equitable apportionment of the costs, expenses, costs of construction, fees, and damages assessed for the construction of the improvement, and the supervisors had passed on their report, after notice of hearing to the landowners and an opportunity to be heard, and apportioned these as appeared just and equitable in strict compliance with the statute cited. The lands receiving the greatest benefit were marked on the scale of 100 and those benefited in a less degree were marked with such percentage of 100 as the benefit received bore in proportion as prescribed by statute. So there was no occasion for another hearing. The plaintiff had had his day in court on the question of what portion of the total expense his land should bear, and there was no occasion for another notice or opportunity of being heard on the same subject.

The decree dismissing the petition praying that the collection of the tax be enjoined on the grounds discussed was rightly dismissed, and is—*Affirmed.*

DEEMER, GAYNOR, and WITHROW, JJ., concur.