BREIHOLZ ET AL. *v.* BOARD OF SUPERVISORS OF POCAHONTAS COUNTY, IOWA, ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF IOWA.

No. 23.   Argued October 7, 1921.—Decided November 7, 1921.

1. A state law under which a drainage district has been established, the ditches constructed and the cost assessed upon the landowners in proportion to benefits, all after due notice and opportunity to be heard, does not violate their right to due process, under the Fourteenth Amendment, in empowering a supervising board, without further notice, to determine the necessity and

extent of cleaning and repairs, and to assess the cost upon the lands in proportion to the original assessments.  P. 123.

2. So *held* of an Iowa law (Code Supp. 1913, § 1989–a21) which permits the board for the purpose of "repair" to enlarge, reopen, deepen, widen, straighten or lengthen ditches, but where the work done was within the scope of a cleaning, alteration and repair of the ditch system, necessary to promote its usefulness, and no new taking of property was involved.  P. 124.

186 Ia. 1147, affirmed.

ERROR to a judgment of the Supreme Court of Iowa affirming a judgment of a lower court of the State adverse to the present plaintiffs in error in a suit attacking special drainage assessments.

*Mr. Denis M. Kelleher,* with whom *Mr. Clarence M. Hanson, Mr. Richard F. Mitchell* and *Mr. Thomas F. Lynch* were on the brief, for plaintiffs in error.

Where a legislature attempts to confer upon a subordinate body authority to enlarge or repair a previously constructed ditch, either by widening its banks, deepening its channel or lengthening it, and to assess the cost and expense to adjacent property without notice to or opportunity to be heard by interested property owners, the statute is unconstitutional as offending against the due process clause of the Fourteenth Amendment. *In re Renville County,* 109 Minn. 88; *Harmon* v. *Bolley,* 120 N. E. 33.

Here the old ditches were materially deepened, widened and extended.  The enlargement of a ditch already constructed would, for all practical purposes, constitute a new ditch, depending perhaps upon the extent of the enlargement.  There is a distinction between repairing a ditch, by removing obstructions therefrom, and widening or deepening or extending it. *In re Renville County, supra;* and other cases.

The Supreme Court of Iowa has repeatedly held that land within a drainage district can be assessed for im-

provements made therein only for the actual (not theoretical) benefits accruing to the particular tracts of land within the district, *Jenison* v. *Greene County,* 145 Ia. 215; *In re Johnson Drainage District,* 141 Ia. 380; *Theilen* v. *Board,* 179 Ia. 248; *Rystad* v. *Drainage District,* 157 Ia. 85; and that, in passing on the equality of the assessment, the depth of the improvement, as affording outlet to lands, should be taken into consideration, and, where a ditch has been cleaned out or deepened, consideration should be given to the adequacy of the original ditch prior to the cleaning out or the deepening, as furnishing an outlet for lands in making assessments therefor.

The levying of a special assessment imposing a burden upon lands without a compensating advantage is not due process of law. *Myles Salt Co.* v. *Iberia Drainage District,* 239 U. S. 478; *Gast Realty Co.* v. *Schneider Granite Co.,* 240 U. S. 55; *Fallbrook Irrigation District* v. *Bradley,* 164 U. S. 112; *Norwood* v. *Baker,* 172 U. S. 269.

*Mr. F. C. Gilchrist* and *Mr. Robert Healy,* with whom *Mr. Frederick F. Faville* and *Mr. Maurice J. Breen* were on the brief, for defendants in error.

MR. JUSTICE CLARKE delivered the opinion of the court.

Conformably to the statutes of the State, Drainage District No. 29 was organized in Pocahontas County, Iowa, in 1907, and a system of drainage, regularly planned, adopted and constructed, was completed in 1909. An assessment to pay for this improvement was imposed upon the lands within the District in proportion to the benefits which each tract would derive from it.

Two years later, in 1911, parts of the ditches having become so filled up as to impair the usefulness of the system, the County Board of Supervisors adopted a resolution declaring that it was expedient that the drainage

improvement should be " re-opened, cleaned and other-wise repaired " for the better service of the land tributary to it, and to that end a contract was let to " deepen, clean, re-open and repair " the ditches in the parts and in a manner specified. An assessment to pay for this re-open-ing, cleaning and repairing was made upon the lands in the District in the same proportion to benefits as that made to pay for the original construction, and the con-troversy in this case is as to the constitutionality of the statute under which this assessment was levied upon the lands of the plaintiffs in error.

The state statutes (Supplement to the Code of Iowa, 1913, Tit. X, c. 2–A) committed to the Board of Super-visors of the County, the power to establish drainage districts, to adopt systems of drainage, to determine the extent of any damage which might be caused to lands thereby, and to make assessment on the lands in the District, in proportion to benefits, to pay for the improve-ment.

Elaborate provision is made for notice to all owners of land within a proposed drainage district, of the applica-tion for the establishment of it, of the time for hearing claims for damages likely to be caused by the construction of the drainage system, and of the time when objections may be made to the assessment in proportion to benefits. From the determination of the Board with respect to each of these a right of appeal to the state District Court is given.

It is admitted that all of the requisite action was taken to establish the system of drainage involved and for mak-ing the assessment upon the benefited lands, including those of the plaintiffs in error, to pay for the original work done, and that sufficient notice thereof to satisfy all constitutional requirements was given to all concerned.

The action in this case was taken under § 1989–a21 of the Iowa Code (Supplement, 1913) which provides that

after any drainage district shall have been established and the improvement constructed (as in this case):

"... the same shall at all times be under the control and supervision of the board of supervisors and it shall be the duty of the board to keep the same in repair and for that purpose they may cause the same to be enlarged, reopened, deepened, widened, straightened or lengthened for a better outlet. ... The cost of such repairs or change shall be paid by the board from the drainage fund of said ... drainage district, or by assessing and levying the cost of such change or repair upon the lands in the same proportion that the original expenses and cost of construction were levied and assessed, except where additional right of way is required or additional lands affected thereby, in either of which cases the board shall proceed," giving notice and hearing as is otherwise provided.

It will be noted that the section thus quoted does not require that notice shall be given to landowners of such intended enlarging, re-opening, etc., of the drainage system as is provided for therein, and that no provision is made for a hearing with respect thereto, at which objections may be made either to the doing of the work or to the assessment to pay for it, and the contention of the plaintiffs in error is that the failure to provide for such notice and hearing renders the section unconstitutional for the reason that if enforced it would deprive them of their property without due process of law.

To this contention of invalidity it is replied that the section assailed is a legislative determination of the amount which should be assessed upon the lands of plaintiffs in error to pay for the preservation and repair of the drainage system, and that, therefore, due process of law did not require a new notice and opportunity to be heard before the work was determined upon or the assessment

made,—this under authority of decisions of this court, extending from *Spencer* v. *Merchant,* 125 U. S. 345, to *Branson* v. *Bush,* 251 U. S. 182, 189.

The Supreme Court of Iowa held the statute and assessment both valid, and a writ of error brings the case here for review.

The contention that a new notice and hearing was not required in this case by the due process provision of the Fourteenth Amendment is a sound one. We are dealing with the taxing power of the State of Iowa, exerted through the familiar agency of a regularly organized drainage district, which it is admitted, properly included, and by the system of drainage adopted benefited, the lands of the plaintiffs in error. It is admitted also that their lands were lawfully assessed to pay for the original drainage construction in the same proportion to benefits as that which was applied in this case to the cost of the improvements and repairs. Thus *Myles Salt Co.* v. *Iberia Drainage District,* 239 U. S. 478, and *Gast Realty & Investment Co.* v. *Schneider Granite Co.,* 240 U. S. 55, which are much relied upon, are plainly inapplicable.

The provision of the section assailed, that the cost of repairs shall be assessed upon the lands of the District in the same proportion that the original cost was assessed, since it only requires a simple calculation to determine the amount of each assessment when the cost of the improvement is once determined, is a legislative declaration that the lands will be benefited, and that in such case notice and hearing before such a legislative determination is not necessary, is settled by many decisions of this court, among others, *Hagar* v. *Reclamation District No. 108,* 111 U. S. 701, 708; *Spencer* v. *Merchant,* 125 U. S. 345; *Embree* v. *Kansas City Road District,* 240 U. S. 242, 250; *Wagner* v. *Baltimore,* 239 U. S. 207, 217, 218; *Houck* v. *Little River Drainage District,* 239 U. S. 254, 265, and *Branson* v. *Bush,* 251 U. S. 182, 189.

The only possible source of objection remaining is the committing to the Board of Supervisors the power to determine, without notice and hearing, when repairs are necessary and the extent of them. But these are details of state administration with which the federal authority will not interfere, except, possibly, to prevent confiscation or spoliation of which there is no suggestion in this case. *Davidson* v. *New Orleans,* 96 U. S. 97, 106, and cases cited *supra.*

The propriety or resorting to such a practice—process of law applicable to such a case—is commended to us by the comment of the Supreme Court of Iowa, in deciding this case, saying:

" The duty [to keep the drainage system open and in repair] is one which is continuous, calling for supervision from day to day and month to month, or, in the language of the statute, ' at all times.' The work to be done may involve considerable expense, or it may be a succession of petty repairs, each of which is comparatively inexpensive. To require that in each case the board must advertise the job and seek the lowest bidder [and hold hearings with respect to it] would be to hamper and prevent its efficient action, without any corresponding benefit to the public."

It is not necessary that we should consider whether a case can be imagined in which the ditches of a district might be enlarged, deepened, widened and lengthened to an extent such as to constitute a new construction and a new taking of property, which would require a further notice and hearing before a new assessment for it could be constitutionally imposed, for we have no such case here. There was some widening of the ditches for the purpose of securing a better angle of repose for the sides and some slight widening and deepening of the bottom at various points for the purpose of getting a better fall and outlet for the water, but we quite agree with the two state courts that the changes made were of a character

and extent fairly within the scope of a cleaning, alteration and repair of the ditch system and necessary to promote its usefulness.

While the principles of law applicable to this proceeding are well settled, we have preferred to again refer thus briefly to the controlling cases rather than to dismiss the petition in error.

It results that the motion to dismiss will be overruled and the judgment of the Supreme Court of Iowa

*Affirmed.*

MR. JUSTICE MCREYNOLDS concurs in result.