FRANK BRUNNER, Appellee v. FLOYD COUNTY et al., Appellants.

No. 44571.

MARCH 14, 1939.

584

Larson & Carr, for appellee.

Jens Grothe, for appellants.

OLIVER, J.—In December 1932, Farmers Savings Bank of Colwell, Iowa, closed its doors and in January 1933, was placed in the hands of a receiver. Taxes for the years 1932 and 1933 were levied against the various stockholders for their respective shares of the capital stock, surplus and undivided profits of the bank. Thereafter, in 1935, the 46th General Assembly adopted an act (chapter 78) now contained in Code of Iowa, 1935, as follows:

"7004-g1. Stock of insolvent bank—remission. Whenever a bank operated within the state has been heretofore or shall hereafter be closed and placed in the hands of a receiver, the board of supervisors shall remit all unpaid taxes on the capital stock of said bank."

The board of supervisors of Floyd county having failed to remit said unpaid taxes this action in equity was instituted against Floyd county, the board of supervisors and the members of said board for a writ of mandamus requiring such action. The decree of the trial court ordered defendants to remit said taxes and the defendants have appealed therefrom.

I. Appellants contend that Code section 7004-g1, which requires the remission of such taxes, is unconstitutional as in violation of section 6, Article I, of the Constitution of Iowa, and section 1, 14th Amendment to the Constitution of the United States. In Charles Hewitt & Sons Company v. Keller, 223 Iowa 1372, 275 N. W. 94, this court held that a county auditor or board of supervisors as ministerial officers may not challenge the competence of the legislature to enact the very statutes under which these officers so act. Appellants seek to differentiate the Hewitt case from the case at bar for the reason that no claim was made in the Hewitt case that the statute in question violated the Federal Constitution, and also upon the ground that the county was not a party defendant in the Hewitt

case. The holding in that case, 223 Iowa, loc. cit. 1377, 275 N. W., loc. cit. 97, disposes of both these contentions:

"Counties and other municipal corporations are, of course, the creatures of the legislature; they exist by reason of statutes enacted within the power of the legislature, and we see no sound basis upon which a ministerial (or, for that matter, any other) office may question the laws of its being. The creature is not greater than its creator, and may not question that power which brought it into existence and set the bounds of its capacities."

This prohibition against the creature questioning the power of its creator must apply with equal force whether the claimed lack of power of the legislature is based upon an alleged contravention of the Constitution of Iowa, or of the Constitution of the United States. Therefore, the trial court did not err in refusing to consider the contention of appellants that the statute in question was unconstitutional.

II. The original petition prayed for mandamus to compel refund of taxes already paid as well as the remission of the unpaid taxes and complaint is made that this constituted a misjoinder of causes of action. No attack upon this misjoinder was made by motion. Furthermore, the decree recites that appellee, with permission of the court, withdrew the portion of the prayer asking for refund of taxes already paid. Therefore, no error could properly be predicated upon this point.

III. Nor would the fact that the stockholders petitioned the board of supervisors for a refund of taxes already paid, in addition to the remission of unpaid taxes, warrant the board in failing to act. Its duty in this respect was positive and it was required to comply with the statute irrespective of notice or demand. That the parties also claimed refunds not contemplated by the statute would not excuse the failure of the board to remit such taxes as came within the purview of the statute since the performance of this duty was enjoined upon it by law.

The trial court properly granted the writ of mandamus and the decree is affirmed.—Affirmed.

All JUSTICES concur.