C. R. KERR et ux., appellees, v. THEODORE CHILTON et al., as trustees of Garretson Drainage District of Woodbury County, appellants.

No. 49489.

(Reported in 91 N.W.2d 579)

July 28, 1958.

Prichard & Prichard, of Onawa, for appellants.

Thomas J. Griffin, of Sioux City, for appellees.

GARFIELD, C. J.—■ The question presented is whether the cost of repairs to lateral drains in a drainage district, made under section 455.135, Code of 1954, is to be assessed against lands in the entire district or against only the lands originally assessed for construction of the laterals. We affirm the trial court's decree that only the lands originally assessed for construction of the laterals—and benefited thereby—are to be assessed.

Plaintiffs own land in Garretson Drainage District, Woodbury County, established about 1924. Defendants are trustees of the district. Pursuant to Code section 455.48, percentages and assessment of benefits and apportionment of costs of construction of lateral drains were fixed on the same basis as if each lateral was a subdistrict. For many years thereafter the cost of repairing each lateral was assessed on the same basis, against the land benefited thereby, not against all the land in the district. In recent years, however, the trustees have assessed the cost of repairs to laterals against all the lands in the district and propose to do so in the future notwithstanding demand by plaintiffs that the method formerly employed for many years be followed. Under the method now used plaintiffs are assessed for cost of repairs to laterals several miles from their land. No reclassification of benefits has ever been attempted. None of the past or contemplated future repairs exceeds in cost twenty-five per cent of the original cost of the improvement.

Upon these agreed facts defendants were enjoined from assessing all the lands in the district for the cost of repairs or improvements to laterals and were required to assess such costs only to the lands benefited by the lateral as shown by the original classification and in the percentages therein fixed.

The propriety of this form of action is not questioned and we assume it is proper.

The controversy calls for the application and interpretation of various provisions of Code chapter 455.

It is clear the assessment of benefits and apportionment of costs of constructing lateral ditches in the first instance are on the same basis as if each lateral was constructed as a subdistrict and there must be reported separately "The percentage of benefits and amount accruing to each forty-acre tract or less on

account of the construction of such lateral improvement." Section 455.48(2), Code of 1954. To like effect is section 455.51.

Section 455.56 provides, with exceptions not here applicable: "A classification of land for drainage * * * purposes, when finally adopted, shall remain the basis of all future assessments for the purpose of said district unless revised by the board in the manner provided for reclassification, * * *."

Defendants' suggestion that the language just quoted applies only to procedure to be followed in the original establishment of the district or to an additional assessment to pay the original cost cannot be accepted. Defendants concede the provision applies to assessments to pay the cost of repairs to the main ditch. We think it applies, as its language states, to "all future assessments" for whatever purpose.

Section 455.59, which provides for an additional assessment if needed to pay the original cost or for repairs, states: "Levy for deficiency. If the first assessment * * * for the original cost or for repairs of any improvement is insufficient, the board shall make an additional assessment and levy in the same ratio as the first for either purpose, * * *."

Chapter 223, Acts of Fifty-seventh General Assembly (section 455.72, Code *1958*), approved April 30, 1957, applicable here, provides in part that when repair of the improvements of an established drainage district has become necessary the board may order a reclassification if it finds the existing assessments are inequitable as a basis for paying for the repair.

Section 455.135, under which defendants have repaired the lateral drains in the district and propose to do so in the future, is much too long to set out here and contains nothing which bears directly on our problem. The section has been before us in several recent cases. Board of Trustees v. Iowa Natural Resources Council, 247 Iowa 1244, 1251, 78 N.W.2d 798, 803, and citations.

Under 455.135 no notice to landowners of contemplated improvements is necessary where the estimated cost thereof does not exceed twenty-five per cent of the original cost of the district and subsequent improvements. If such estimated cost exceeds twenty-five per cent, notice and a hearing are required and following the hearing the board shall "determine whether there

should be a reclassification of benefits for the cost of such improvement." As previously stated, no reclassification of benefits has ever been attempted here and the cost of any prior or contemplated future repair or improvement does not exceed twenty-five per cent of the original cost.

Section 455.136 contains this language upon which defendants strongly rely: "The costs of the repair or improvements provided for in section 455.135 shall be paid for out of the funds of the * * * district. If the funds on hand are not sufficient to pay such expenses, the board * * * shall levy an assessment sufficient to pay the outstanding indebtedness * * *."

We think defendants claim too much for this language. It does not state how the funds of the district used to pay for repairs under 455.135 are to be obtained nor the method by which the assessment shall be levied. In any event 455.136 must be read and considered in connection with the entire chapter 455 in determining the legislative intent. If reasonably possible, effect should be given every part of the chapter. Board of Park Commissioners v. City of Marshalltown, 244 Iowa 844, 851, 58 N.W.2d 394, 398, and citations. See also Lever Brothers Co. v. Erbe, 249 Iowa 454, 469, 87 N.W.2d 469, 479, and citations; Deere Mfg. Co. v. Iowa Emp. Sec. Comm., 249 Iowa 1066, 90 N.W.2d 750. When this is done it seems fairly clear that under the agreed facts here assessments for the cost of repairs should be on the basis of the original classification.

In addition to the language we have quoted from 455.136 defendants rely upon the repeal in 1949 by section 26, chapter 202, Acts of Fifty-third General Assembly, of section 455.140, Code of 1946. This repealed section (7561, Codes 1924 to 1939) provided in substance that the cost of cleaning out any specific open ditch or main "must be assessed to the lands in the whole district in the same proportion as the costs * * * of such specific open ditch was originally assessed" and the cost of restoring any tile line or *tile* lateral to its original efficiency "must be assessed to the lands benefited by such specific tile line or *tile* lateral in the same proportion as the original cost thereof."

Defendants argue in effect this repealed section clearly provided that cost of repairs to lateral open ditches be assessed on the basis of the original classification and the repeal indi-

cates a legislative intent to change the law in this respect. It is not so clear this provision applied to cost of repairs upon lateral open ditches. The word "tile", italicized in the preceding paragraph, just before "lateral", was inserted by way of amendment by section 1 of chapter 210, Acts of the Forty-third General Assembly, in 1929. If defendants' argument were followed this might indicate a legislative intent to confine the provision to tile laterals. Further, the Fifty-third General Assembly did not repeal provisions herein referred to other than .455.140 and they, especially 455.56, remain in effect.

There are other sections of chapter 455 that indicate a legislative intent that all future assessments shall be on the basis of the original classification, as provided by section 455.56, until there is a reclassification of benefits. For example, section 455.146 states that if the amount charged against a district for improvement of a common outlet for two or more districts does not exceed twenty-five per cent of the original cost of the improvement in the district charged, the amount shall be levied against all lands in the district in accordance with the original classification and apportionment. If the amount so charged against a district exceeds the twenty-five per cent the board shall order a reclassification. Section 455.147.

We find it unnecessary to comment upon other statutory provisions, but they have been considered.

Seabury v. Adams (1929), 208 Iowa 1332, 225 N.W. 264, supports our conclusion that the cost of repairing a lateral drain is to be assessed against the lands benefited by the lateral on the basis of the classification adopted when it was originally constructed. The cited case holds this is true even though in making the assessment for the original improvement this classification was unlawfully disregarded. ("Assessment * * * is the act of spreading the cost to be raised according to and in proportion with the classification thereof." Page 1337 of 208 Iowa).

The Seabury opinion also states (page 1335 of 208 Iowa): "* * * the board * * * did not reclassify the benefits accruing to the lands because of the main ditch or the lateral. If, then, any assessment at all was authorized, it was one made in accordance with the original classification for the improvement of Lateral A * * *."

It is true, as defendants suggest, section 455.140, repealed in 1949, was in effect when Seabury v. Adams was decided but the opinion does not appear to be based thereon except perhaps incidentally. Principal basis for the decision seems to be the provision, heretofore quoted, of what is now section 455.56 (then section 7476, Code 1927) that a classification of land for drainage purposes "shall remain the basis of all future assessments * * * unless revised * * * in the manner provided for reclassification."

We note that at the time of the Seabury decision there was in effect a provision quite similar to that of section 455.136, before quoted, upon which defendants strongly rely. Section 7557, Codes 1924 through 1939, and section 455.136, Code of 1946, stated, "Such repairs shall be paid for out of the funds of the * * * district in the hands of the county treasurer, if there be any."

██ ██ It is proper to observe that the interpretation of chapter 455 for which defendants contend would result in unfairness and injustice to plaintiffs and other landowners in the district similarly situated. They should not be required to pay for repairs to a lateral drain several miles from their lands which, according to the classification of benefits and apportionment of costs adopted by the board, do not benefit them. The burden of maintaining such an improvement, insofar as reasonably possible, should be borne by lands which benefit therefrom. That this is a permissible consideration see Farmers Drainage Dist. v. Monona-Harrison Dist., 246 Iowa 285, 290, 67 N.W.2d 445, 449, and citations; Schuler v. Holmes, 242 Iowa 1303, 1305, 49 N.W.2d 818, 819; Case v. Olson, 234 Iowa 869, 873, 14 N.W.2d 717, 719; 50 Am. Jur., Statutes, section 370; 82 C. J. S., Statutes, section 326, page 623 ("A construction which will cause objectionable results should be avoided and the court will, if possible, place on the statute a construction which will not result in injustice, * * *.").

Further, if the language of section 455.136 heretofore quoted, upon which defendants rely ("paid for out of the funds of the * * * district"), is construed to require cost of repairs to a lateral drain to be assessed against lands which receive no benefit therefrom, on a different basis from that provided by the

classification adopted by the board, constitutionality of the provision would be in doubt. The original classification may be adopted only after notice to the landowners and hearing thereon. Section 455.52. And proceedings for reclassification are in all particulars governed by the same rules. Section 455.74. As we have pointed out, the landowners do not receive notice of the assessments defendants propose to levy nor is opportunity to be heard provided.

That it is a matter of doubt whether the construction of chapter 455 for which defendants contend does not deprive. landowners of their property without notice and opportunity to be heard, and therefore without due process of law, see Beebe v. Magoun, 122 Iowa 94, 97 N.W. 986, 101 Am. St. Rep. 259, and citations; Taylor v. Drainage District No. 56, 167 Iowa 42, 52, 148 N.W. 1040, L. R. A. 1916B 1193, affirmed 244 U. S. 644, 37 S. Ct. 651, 61 L. Ed. 1368; Kimball v. Board of Supervisors, 190 Iowa 783, 180 N.W. 988; Breiholz v. Board of Supervisors, 257 U. S. 118, 42 S. Ct. 13, 66 L. Ed. 159.

However, the interpretation we give these statutes does not leave their constitutionality in doubt. It has been repeatedly held not to violate due process to assess, without notice or hearing, the cost of repairs to a drain against lands in the district in the same proportion fixed by the original classification adopted pursuant to notice and hearing. See authorities last above, also Board of Trustees v. Board of Supervisors, 236 Iowa 690, 699, 700, 19 N.W.2d 196, 201, and citations; Plummer v. Pitt, 167 Iowa 632, 149 N.W. 878; Annotations, 84 A. L. R. 1098, 1103; 145 A. L. R. 1196, 1198.

That a statute will be construed, if fairly possible, so as to avoid doubt as to its constitutionality, see Hunter v. Colfax Consol. Coal Co., 175 Iowa 245, 266, 154 N.W. 1037, 1045, 157 N.W. 145, L. R. A. 1917D 15, Ann. Cas. 1917E 803; Eysink v. Board of Supervisors, 229 Iowa 1240, 1246, 296 N.W. 376, 379; Gilchrist v. Bierring, 234 Iowa 899, 906, 14 N.W.2d 724, 728; 11 Am. Jur., Constitutional Law, section 97, pages 729–30; 16 C. J. S., Constitutional Law, section 98b, pages 372, 373.— Affirmed.

All JUSTICES concur.