IOWA POWER & LIGHT COMPANY, appellee, v. INCORPORATED TOWN OF PLEASANT HILL, appellant.

No. 50383.

DECEMBER 12, 1961.

REHEARING DENIED FEBRUARY 5, 1962.

James W. Hall and Don C. Swanson, of Des Moines, for appellant.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellee.

THORNTON, J.—Plaintiff, Iowa Power & Light Company, brought this action pursuant to section 362.32, Code of Iowa, 1958, to sever 135 acres of its land from defendant, Town of Pleasant Hill.

The trial court entered a decree granting severance. Defendant-town appeals.

Defendant urges for reversal section 362.32 (all references are to the 1958 Code unless otherwise indicated) is unconstitutional and under the facts plaintiff was not entitled to have the area severed.

534

I. We by-pass the question of the right of defendant, a municipal corporation, to challenge the constitutionality of the statute. See: Brunner v. Floyd County, 226 Iowa 583, 284 N.W. 814; and State ex rel. Clinton Falls Nursery Co. v. Steele County Board of Commissioners, 181 Minn. 427, 232 N.W. 737, 71 A. L. R. 1190. We do so because the statute in its present form prescribes the facts which must exist in order for severance to be granted and requires the court to determine if these facts exist and if they do to decree severance. Such determination is a proper judicial function and does not constitute a delegation of legislative power to the courts. State ex rel. Klise v. Town of Riverdale, 244 Iowa 423, 57 N.W.2d 63; Town of Coralville v. Great Lakes Pipe Line Co., 253 Iowa 23, 110 N.W.2d 375; State ex rel. Mercer v. Incorporated Town of Crestwood, 248 Iowa 627, 80 N.W.2d 489, 81 N.W.2d 452; and City of Des Moines v. Lampart, 248 Iowa 1032, 82 N.W.2d 720.

Section 362.32 provides:

"Territory may be severed from any city or town by proceeding as follows:

"1. A majority of the resident property owners of such territory or the city or town may bring suit in equity in the district court therefor and the proceedings shall so far as applicable be the same as provided in sections 362.26 and 362.27. Notice of suit shall be such as the court may direct.

"2. If the court finds that such territory, or any part thereof, shall be severed from any city or town, * * *."

The balance of subsection 2 and subsection 3 relate to the determination of the distribution of assets and assumption of liabilities as between the town or city and severed territory and have no bearing on the issue of severance.

Section 362.26 provides:

"Unincorporated territory adjoining any city or town may be annexed thereto and become a part thereof by proceeding as follows:"

Subsections 1, 2 and 3 provide for notice to the public of a council meeting to consider the question, the adoption of a resolution of annexation, and the submission of the question to the voters, and are inapplicable to severance.

"4. If the proposition is adopted by a majority of those voting thereon, the council shall cause to be filed in the district court, a suit in equity against the owners of the property proposed to be annexed, the petition therein setting forth that, under a resolution of the council, the territory therein described was authorized by the voters of said city to be annexed to the city or town.

"5. The petition shall contain:

"a. A description of the perimeter of the entire property proposed to be annexed and a list of each property owner therein as shown by the plat books in the office of the county auditor.

"b. A statement of facts showing that the municipal corporation is capable of extending into such territory substantial municipal services and benefits not theretofore enjoyed by such territory.

"c. A plat of such territory showing its relation to the corporate limits.

"d. That said annexation is not sought merely for the purpose of increasing the revenues from taxation of such municipal corporation.

"6. If the court finds that there is an affirmative showing that the municipal corporation is capable of extending into such territory substantial municipal services and benefits not theretofore enjoyed by such territory, so that the proposed annexation will not result merely in increasing the revenue from taxation of such municipal corporation; and if the court finds further that all of the proceedings and conditions precedent to annexation as required hereinbefore by subsections 1 through 5, inclusive, have been duly instituted and carried out as provided therein, the court shall decree the annexation. No costs shall be taxed against any defendant who fails to make a defense."

Since the Code of 1924 the severance statute has incorporated the annexation statute by reference. Sections 5617 and 5612 respectively of the Code of 1924. The reason is obvious, annexation and severance are opposites. Severance should not be granted where the facts are such the municipality would have the right to annex the territory sought to be severed. 62 C. J. S., Municipal Corporations, section 48b, page 145. Any

other rule while the facts and circumstances remain the same would result in continuous litigation.

The reference provision of section 362.32 is, "* * * the proceedings shall so far as applicable be the same as provided in sections 362.26 and 362.27. * * *." At this point defendant contends "proceedings" refers only to matters of procedure and does not set up any standard to guide the court as a matter of substantive law. As the term "proceedings" is here used and in light of the evident purpose of the legislation the statute should not be so construed. Both section 362.26, subsection 4, and section 362.32, subsection 1, provide a suit in equity shall be brought in district court. It is wholly unnecessary to direct equitable procedure by the reference in section 362.32. If the reference is to mean anything it must refer to the steps set forth in subsections 5 and 6 of section 362.26 relating to what the petition shall contain and the findings of the court. So construed we have a statute that is not reduced to an absurdity, meaningful effect is given to its provisions, adequate standards are set up for factual determination by the court, and legislative power is not delegated to the court. As supporting this construction, see: Dingman v. City of Council Bluffs, 249 Iowa 1121, 90 N.W.2d 742, and citations; Ferguson v. Brick, 248 Iowa 839, 82 N.W.2d 849, and citations; and Kerr v. Chilton, 249 Iowa 1159, 91 N.W.2d 579, and citations.

II. In recent annexation cases we have held the functions of the court are restricted to the findings of fact concerning two matters. First, whether there is an affirmative showing that the town is capable of extending into such territory substantial municipal services and benefits not theretofore enjoyed so that the proposed annexation will not result merely in increasing the revenue from taxation of such municipal corporation, and second, the regularity of the proceedings. The court is not required to determine how capable the town must be nor how substantial must be the municipal services and benefits, only whether there is a substantial showing. Town of Coralville v. Great Lakes Pipe Line Co., 253 Iowa 23, 110 N.W.2d 375; City of Cedar Rapids v. Cox, 252 Iowa 948, 108 N.W.2d 253; State ex rel. Mercer v. Incorporated Town of Crestwood, 248 Iowa

627, 80 N.W.2d 489, 81 N.W.2d 452; and City of Des Moines v. Lampart, 248 Iowa 1032, 82 N.W.2d 720.

■ Here, in a severance case, we must determine the opposite, whether there is an affirmative showing the town is incapable of extending into such territory substantial municipal services and benefits not theretofore enjoyed by such territory so severance will not result merely in plaintiff avoiding taxation and defendant retaining the territory merely to maintain tax revenue.

III. Defendant-town was incorporated in May of 1956. Plaintiff, through its representatives, took an active part in bringing about the incorporation. Defendant-town is located immediately east of the city of Des Moines. Defendant's west boundary and Des Moines' east boundary are the same, Southeast Forty-third Street. The north boundary is University Avenue. The east boundary is about Shadyview Boulevard, if extended, the south boundary is the Des Moines River. The territory to be severed is the most southerly part of the town. It consists of 135 acres. The north boundary of this area is Carlisle Road and the extension thereof east to the river. Carlisle Road extends from the west boundary east about one quarter of a mile and turns south and is then known as Highway 46. It extends south over the river. In the area west of Highway 46 is located plaintiff's Des Moines Power Station No. 2. This is a large electric generating plant, 220 persons are employed there. East of Highway 46 are located two substations and a power pool building. These facilities are for transmission purposes and are connected with plaintiff's Council Bluffs plant and with various other companies. Power Station No. 2 produced 753,000,000 kilowatt hours in 1959. It serves Des Moines and surrounding communities. The assessed value of the land and improvements to be severed was $12,759,877 in 1959. North of Carlisle Road is located a tank farm of Great Lakes Pipe Line Company. East of the tank farm and adjoining the area to be severed on the north is an additional 220 acres of land owned by plaintiff. Severance is not asked for this 220-acre tract. This 220 acres is crossed by transmission lines and is subject to a pipeline easement. The surface is farmed and contains a set of

farm buildings. This tract extends north to Vandalia Road and its east boundary is the river north to the confluence of the Four Mile Creek and the river. All of this land, the 220-acre tract, the tank farm, and the area to be severed is low land and subject to flooding. Plaintiff has built dikes around Power Station No. 2, the substations, and power pool building east of Highway 46. It has also erected dikes along Four Mile Creek.

The town of Pleasant Hill is a mile wide east and west and a little over three miles long. Its area is 1985 acres. Its current population is a little less than 500 persons and it has about 150 dwellings. The north half of the town is zoned residential and commercial and the south half industrial. Roughly 200 acres are now actually used for industrial purposes. The remaining land zoned industrial is used for agriculture.

Since incorporation the town has adopted a zoning ordinance and comprehensive town plan, established a volunteer fire department of 33 members, six of whom are in the town 24 hours a day, the others work outside of town and are available outside of working hours, purchased fire-fighting equipment and one used fire truck, constructed a water distribution system, employed a town marshal on a part-time basis who patrols the area after leaving his work as an investigator in the sheriff's office and as late at night as circumstances warrant, paved Vandalia Road its full length through the town and graded and provided drainage for other streets, acquired sites for a public park, town hall, and fire station, erected a maintenance building for the town's equipment and made plans for the erection of a town hall, established a garbage collection system, installed street lights for a portion of the town, taken steps to build a sewer system and disposal plant, and adopted a health ordinance and appointed a health officer. The town is receiving electricity from plaintiff and is negotiating a gas franchise.

Plaintiff first acquired the land on which its Power Station No. 2 is located in 1923. The size of the station has been increased through the years and the additional land owned by plaintiff has been acquired through the years in anticipation of expansion needs. In the territory to be severed plaintiff furnishes its own gas and electric facilities, its telephone service

is through the Des Moines exchange, its water is obtained from the river and the Des Moines Waterworks. Plaintiff has complete fire-fighting equipment and trained personnel for handling electrical fires. It also maintains its own police and security system. Power Station No. 2 and the substation are completely fenced. It maintains its own sewage system and its own flood protection. There is no garbage collection required, no one lives in the area and plaintiff disposes of its own refuse.

Plaintiff's alleged reason for asking severance is to be annexed to the city of Des Moines and to effect a more equitable distribution of its tax money among its consumers. Plaintiff has carried on extensive negotiations with the city council of Des Moines to that end. In 1959, 70,000 consumers in Des Moines used 85.12% of plaintiff's electric energy production; 125 to 150 consumers in Pleasant Hill used 2.99%. Great Lakes Pipe Line Company used 2.91% of the 2.99%. In 1959 plaintiff paid $159,000 in taxes for municipal purposes to defendant. If the area to be severed had been in Des Moines that year plaintiff would have paid $475,000 in ad valorem taxes on that property. In the same year plaintiff did pay $326,000 in franchise taxes on a percentage of its revenue to the city of Des Moines. Plaintiff's negotiation with the city of Des Moines included at least a possibility of a reduction or waiving of this tax. If the franchise tax is entirely eliminated, based on the 1959 figures, there would be a reduction of $10,000 in its total city tax bill. This is in the neighborhood of 1% of its total municipal tax bill. We doubt if this suit was brought solely for such a reduction. Plaintiff also urges, as a reason for its seeking severance, defendant's spending program for improvements at plaintiff's expense. Plaintiff has paid 84% of defendant's tax bill since incorporation. All improvements have been paid from general revenue. There have been no special assessments for any improvement. The record shows plaintiff has made no formal objection to any improvement nor has it made any requests for such.

IV. The real question before us is the affirmative showing defendant is incapable of extending into such territory substantial municipal services and benefits not theretofore en-

joyed by such territory. This is not based on the need of or benefit to a self-sufficient industrial plant such as owned by plaintiff. We doubt if plaintiff would change its present security and fire-protection procedures if it were included in the city of Des Moines. Defendant, a small town incorporated in 1956, has undertaken to provide all ordinary municipal services. It does not provide water or sewer facilities south of Vandalia Road. Such are available to property of plaintiff immediately south of Vandalia Road, the 220-acre tract, but no attempt has been made to make the same available in the area to be severed. No reason is directly given by either party. The evidence indicates the reasons are cost, topography, and no one in the area in need. Services of a police officer and health officer are as fully available in this area as in any other area of the town. The health officer is recently appointed. The contents of the health ordinance are not shown. The time spent and equipment used by the part-time policeman are substantial and as much available in this area as in others. Though a part-time operation the police facilities by comparison are substantial. In Town of Coralville v. Great Lakes Pipe Line Company, supra, we find the town had 2000 residents and three policemen. The evidence here shows Des Moines has a population of 209,000 and 200 men on police work. The five hundred residents of Pleasant Hill have about equal protection. Defendant's police car has two-way radio contact with Des Moines police and the Polk County sheriff's office. The fire protection available in the territory to be severed is somewhat less than in the other areas of the town. The nearest fire hydrant is three quarters of a mile away but the truck has 300 gallons of water available as well as fire extinguishers. Defendant is in the process of improving its equipment and training its personnel in both police and fire protection.

Defendant-town has taken no steps in regard to flood protection. However, it appears from the testimony plaintiff has provided levees to protect its facilities. Apparently these were not entirely adequate to handle the water in the 1960 flood in this area. The record shows no request by plaintiff in this regard. This evidence does not affirmatively show defendant is in-

capable of extending such a service. It merely shows that under the circumstances it has not been undertaken.

Electricity and gas are wholly excluded from municipal services in this case. Defendant could hardly furnish the same to plaintiff.

The evidence shows the defendant is capable, rather than incapable, of extending into the territory to be severed substantial municipal services and benefits that the territory would not enjoy if severed. The statute does not authorize us to sever the territory for the purpose of being annexed by Des Moines, or consider the services or benefits it would receive if so annexed.

Though the amount of tax paid by plaintiff, in relation to the revenue of the town, is large, denial of severance does not result merely in maintaining tax revenue. Town of Coralville v. Great Lakes Pipe Line Co., 253 Iowa 23, 110 N.W.2d 375.

The decree of the trial court is reversed and the case is remanded with directions to dismiss plaintiff's petition.—Reversed and remanded.

All JUSTICES concur except BLISS, J., not sitting.