TOWN OF GRIMES, a municipal corporation of Polk County, appellant, v. ADEL CLAY PRODUCTS Co., et al., appellees.

No. 51144.

(Reported in 126 N.W.2d 270)

F<span>EBRUARY</span> 11, 1964.

Wisdom, Sullivan & Golden, of Des Moines, for appellant.

Emmert, Lindgren, Eller & Miller and Gibson, Stewart & Garrett, all of Des Moines, for appellees.

Evan L. Hultman, Attorney General, for State of Iowa.

Harry Perkins, County Attorney, and C. L. Becker, Assistant County Attorney, for Polk County.

T<span>HORNTON</span>, J.—The question presented is purely one of fact. Is the evidence such that we can find as a fact that plaintiff has made an affirmative showing it is capable of extending into the territory to be annexed substantial municipal services and benefits not theretofore enjoyed by such territory, so that the proposed annexation will not result merely in increasing the revenue of plaintiff from taxation? In pertinent part, section 362.26, subsection 6, Code of Iowa, 1958, is:

"6. If the court finds that there is an affirmative showing

that the municipal corporation is capable of extending into such territory substantial municipal services and benefits not theretofore enjoyed by such territory, so that the proposed annexation will not result merely in increasing the revenue from taxation of such municipal corporation; * * *."

Since section 362.26 was amended in its present form we have dealt with the factual problem presented in the following cases: City of Cedar Rapids v. Cox, 252 Iowa 948, 108 N.W.2d 253; Town of Coralville v. Great Lakes Pipe Line Co., 253 Iowa 23, 110 N.W.2d 375; and Town of Clive v. Colby, 255 Iowa 483, 121 N.W.2d 115, 123 N.W.2d 331. In Iowa Power & Light Co. v. Incorporated Town of Pleasant Hill, 253 Iowa 532, 112 N.W. 2d 304, a severance case, we considered the reverse. In City of Des Moines v. Lampart, 248 Iowa 1032, 1038, 82 N.W.2d 720, we held that subsection 6 of section 362.26 requires the court to determine only whether there was an "affirmative showing", not how "capable" plaintiff must be nor how substantial must be the municipal services and benefits furnished. We have followed this in each of the above cited cases. However, this does not exclude the preliminary questions of fact necessarily involved. Two preliminary questions are, is there a showing of substantial municipal services and benefits, and a showing of capability in the first instance under the circumstances shown in the record? This preliminary finding is the basis for proceeding. Without such finding the ultimate finding cannot be reached.

█ We are not getting into the legislative area of discretion in annexation from which we are constitutionally excluded. See all cases heretofore cited. We are demanding only the preliminary proof of the allegations required by subsection 5, paragraph b, of section 362.26, as follows:

"A statement of facts showing that the municipal corporation is capable of extending into such territory substantial municipal services and benefits not theretofore enjoyed by such territory."

█ There must be a showing by a preponderance of the evidence of capability and substantial municipal benefits. In Town

of Clive v. Colby at page 492 of 255 Iowa, page 119 of 121 N.W. 2d, we said:

"It had no sewer system, no town water system and no fire department. It was budgeted to full capacity to take care of the streets and safety of the public then within the corporation limits. If the term 'substantial services or benefits' is to be given any of the interpretations placed upon it in the cases cited herein, plaintiff has failed to make an affirmative showing of any capability to furnish substantial services or benefits and we so hold."

The above is a determination of the nonexistence of preliminary facts. Every finding of fact must be based on logic and human experience. The facts presented must persuade the trier of fact of the existence of the ultimate fact. The ultimate fact to be found is an affirmative showing of capability. "Affirmative" as an adjective is defined in Webster's New International Dictionary, Second Ed., as follows: "2. That affirms; asserting that the fact is so; declaratory of what exists; * * *." "Capable" means having general ability or efficiency. 6 Words and Phrases, page 53.

In the Clive case we said, at page 487 of 255 Iowa, page 117 of 121 N.W.2d, "The capabilities of the plaintiff to furnish municipal services must be determined on the conditions existing when the annexation proceedings were initiated." Though the reference was to a somewhat different aspect, the statement is applicable here. We must determine the affirmative showing solely on the present circumstances as shown in the record, not on a showing based on what may or may not take place in the future. That is speculation.

The evidence shows plaintiff has a population of 697 and an area of three fourths of a section or 480 acres, at least 100 acres are undeveloped. The area to be annexed is 9½ sections or approximately 6080 acres. The South Half of plaintiff is located in the East One Half of the Northeast Quarter of Section 6-79-25 West of the Fifth P. M. in Polk County and the Northwest Quarter of Section 5-79-25. The area to be annexed is the remaining land in Sections 5 and 6, Sections 3, 4, 7, 8, 9 and 10, and the North One Half of Sections 15, 16, 17 and 18 in the

same Township and Range, except 100 feet around the periphery of the area except that part along U. S.-Iowa Interstate Highway No. 35. There are approximately 52 homes or other structures and approximately 200 persons living in the area to be annexed. There are two industries located in Section 17, 2½ miles by road from plaintiff, an industrial park across the road and a housing development located in the northeast part of the area. The rest of the area is agricultural land.

Plaintiff has a mayor-council form of government. It has a town clerk and town treasurer, under the direction of the mayor they handle the paper work. Plaintiff has a volunteer fire department. This department for its size and kind is good. It serves the present town and the surrounding area. Outside of town it is on a membership basis. It works in conjunction with other volunteer departments in the area. A part of the area to be annexed is served by another department. Its equipment and personnel compare favorably with similar volunteer departments.

The police department consists of a town marshal and five deputies. The marshal is paid. The deputies are not and there is no showing of the amount of their work. The marshal uses his own car. To patrol the area to be annexed would require expansion of manpower and equipment. The area now receives patrol protection from the sheriff's office. The regularity of patrols and the extent of the police protection are not fully shown.

The road maintenance and snow and ice removal work performed by plaintiff is adequate for its present needs. This service of necessity would have to be expanded which plaintiff proposes to do. According to the testimony of the mayor the roads in the area are now in good shape under the care of the county. In this regard plaintiff has deliberately excluded from annexation all roads around the area. This certainly has the appearance and undoubtedly the effect of increasing tax revenues for plaintiff while avoiding a burden. Plaintiff now has about five miles of streets and would acquire 12½ miles more within the annexed area.

Likewise, plaintiff's present water and sewage services are adequate for its present population and perhaps an increase in

population within its present boundaries. In most cases to extend the water and sewer services into the proposed territory would be impractical and costly. These are policy considerations and of no concern for our purposes except to demonstrate that extension of these services is highly unlikely. This, of course, is true in every annexation of agricultural land and continues for a number of years.

Plaintiff has a standby electric plant but furnishes electricity through the Iowa Power and Light Company. The area to be annexed now has electricity from the same source at a slightly lower rate. Natural gas is also furnished through a gas company. Plaintiff also has a zoning ordinance, services of a town attorney and a health officer.

In short, though it may be oversimplification, plaintiff now has municipal services and benefits adequate for its present area and from a technical standpoint it would not be impossible to extend such services into the area to be annexed. Does this alone make an affirmative showing of capability to extend these services and not result merely in increasing tax revenue? We think not. The reason is the services as they now appear would not be substantial when and if extended into the annexed area. It is true that it is not necessary that all services be extended forthwith. Iowa Power & Light Co. v. Incorporated Town of Pleasant Hill, 253 Iowa 532, 540, 112 N.W.2d 304, 309, a severance case, demonstrates the services of the health officer, part-time police protection and fire protection quite comparable to the protection afforded here constituted substantial municipal services where other services were not needed and in the case of gas and electricity wholly excluded. However, it should be borne in mind the area then asked to be severed was 135 acres of industrial land from a town of 1985 acres with approximately 500 persons. In that case the evidence did show a fire hydrant within three quarters of a mile and, though Pleasant Hill had only one fire truck and Grimes has two, the area to be covered with only the water carried on the trucks is out of proportion.

As a practical matter in the area to be annexed the services plaintiff has to extend now are police and fire protection, road maintenance and the general services of the town

officers including the health officer. These services for the present town are substantial, but the capability of extending the same and have them remain substantial in the annexed territory is not affirmatively shown. We base this finding on the size of the area to be annexed. It is 12 times larger in area than the present town, the increase in road mileage is more than doubled. The population factor is not great and 200 more people could be furnished substantial services in a smaller area. A comparison of this with the Des Moines and Cedar Rapids cases shows Des Moines then with over 200,000 population annexed 14 sections and 14,000 people, and Cedar Rapids then with a population of 90,000 annexed 12 sections with a population of 3500. The opinion in the Cedar Rapids case shows the city had large, fully-equipped fire, police and street departments. The same is true of Des Moines. The Coralville and Pleasant Hill cases are more comparable. Coralville, with a population of 2000, annexed 46.4 acres, severance was denied 135 acres in Pleasant Hill. In each case the showing made of present services was held to be substantial. It does not follow that it would have been substantial if an area as large proportionately as we have here were to be annexed. There is a limit beyond which a town is capable of extending its services so the annexation will not result merely in increased revenue. When a town or city shows it is rendering substantial services within its present limits it does not follow such showing will in all instances sustain a finding of an affirmative showing of capability to extend such services. Such showing was held to be sufficient in the Des Moines and Cedar Rapids cases. In the Coralville case, supra, we said at page 27 of 253 Iowa, page 377 of 110 N.W.2d:

"It also appears that such services are substantial and are adequate for all ordinary needs of a community the size of Coralville, including the property sought to be annexed."

In this case it does not appear the services to be extended will be substantial for the area sought to be annexed. It of course follows there is not an affirmative showing of capability to extend substantial municipal services and benefits.

Plaintiff here urges the test used by the trial court is wrong and urges in the Des Moines, Cedar Rapids, and Coralville cases

a present showing of substantial services for the municipality before annexation is sufficient. In those cases it was sufficient. Here it is simply a question of size and proportion. Logic and human experience applied to the evidence offered do not persuade us that an affirmative showing of capability has been made. No rule can be formulated; size, proportion and substantial services will vary in every case. It can hardly be said that municipal services in the scope maintained by the Town of Grimes would be substantial if maintained in identical scope by Des Moines or Cedar Rapids.—Affirmed.

All JUSTICES concur.